UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ARLETTA SUBOCZ, and LOCKFABRIC SYSTEM LLC,

                              *Plaintiffs*,

                                                        Case No.

            -against-
                                                        **VERIFIED COMPLAINT**

ANDRZEJ DUDA, individually and doing business as
www.LOCKFABRIC.COM,

                              *Defendants*.
------------------------------------------------------------------------x

Plaintiffs ARLETTA SUBOCZ ("Ms. Subocz") and LOCKFABRIC SYSTEM LLC

("Lockfabric System") (collectively, "Plaintiffs"), by way of Verified Complaint against

Defendants ANDRZEJ DUDA ("Mr. Duda") individually, and doing business as the

offending/infringing website www.LOCKFABRIC.COM ("www.Lockfabric.com") (collectively,

"Defendants"), and allege as follows:

## INTRODUCTION

1.      Through this Verified Complaint, Plaintiffs seek redress against Defendants for

their unlawful cybersquatting on Ms. Subocz's rightful website domain, www.Lockfabric.com (the

"Domain,") and operation of the fraudulent and misleading offending/infringing website

("Offending/Infringing Website") falsely promoting similar products and services bearing

Plaintiffs' tradename in violation of 15 U.S.C. § 1125 *et seq*. Plaintiffs further seek redress for Mr.

Duda's breaches of express and implied contractual and common law duties, fraud, and

Defendants' violations of Ms. Subocz's trademark rights under 15 U.S.C. § 1051 *et seq*., for which

Plaintiffs have proper license and permission, as well as Defendants' unfair competition.

2.      Mr. Duda is a resident of the country of Poland, and a former trusted employee of Plaintiffs. Mr. Duda's employment ended when he demanded compensation far more than logical reason despite continuous poor job performance harming both Plaintiffs and Plaintiffs' customers.

3.      Upon information and belief, and unknown to Plaintiffs at the time, Mr. Duda created a backdoor to blackmail Plaintiffs, through the creation of the fraudulent recovery e-mail of info@webtico.com (the "Fraudulent Recovery E-mail") when he registered the Domain on behalf of Plaintiffs in October 2013. This was the same year and month when Plaintiffs created and registered LockFabric System.

4.      Disgruntled and while living abroad as a resident of Poland, Mr. Duda embarked upon on a malicious digital campaign of deception and fraud, cheating Plaintiffs and their customers, and causing immeasurable reputational harm through his fraudulent control of the Domain and creation and operation of the Offending/Infringing Website.

5.       To seek redress for Defendants' wrongs and continued tortious interference with Plaintiffs' business relationships, Plaintiffs seek: (i) preliminary and permanent injunctive relief to enjoin Defendants from their ongoing cybersquatting violations of their use of the Domain and Offending/Infringing Website, www.Lockfabric.com; (ii) monetary and statutory damages in an amount no less than One Hundred Thousand Dollars ($100,000.00) for Defendants' violations of the Anti-cybersquatting Act and Lanham Act, trebled as appropriate, with interest; (iii) the establishment of a constructive trust and an accounting; and (iv) an award of attorneys' fees and costs; and (v) such additional relief as this Court deems appropriate and just.

## PARTIES

6.      Plaintiff Arletta Subocz is an individual residing in Tuxedo, New York. Ms. Subocz is the sole member and manager of Lockfabric System LLC. Ms. Subocz is the first-use common

law owner of registered Lockfabric trademark US Reg. Nos. 4642416[1] and current re-filed Lockfabric application serial No. 98420055, which include protections for the works LOCKFABRIC (hereinafter, the "LockFabric Mark"), and the image:

# LockFabric

7.      Plaintiff Lockfabric System LLC was and still is a domestic limited liability company duly organized and existing under the laws of the State of New York on October 29, 2013. Its principal place of business located at 38 Pine Road, Tuxedo, New York 10987. Lockfabric System LLC does business under the name Lockfabric, as a licensee of that name by Ms. Subocz. A true and correct copy of the LockFabric System filing application with Blumberg Excelsior Inc. and the Articles of Incorporation are annexed hereto as Composite Exhibit "A."

8.      Defendant Andrzej Duda resides in Sokólski County, Poland. His current known address is:

    nr 29 Lipowy Most, 16-030
    gm. Szudzialowo,
    woj. Podlaskie,
    pow. Sokólski
    Poland

9.      Defendant www.Lockfabric.com is a Domain containing the Offending/Infringing Website that is currently wholly owned and operated by Andrzej Duda through his Fraudulent Recovery E-mail. While the Offending/Infringing Website outwardly purports to be the website of Ms. Subocz's Lockfabric System and uses a slightly different logo than the one of Plaintiffs,

---

[1] Lockfabric trademark US Reg. Nos. 4642416 (expired June 25, 2021).

the Domain and operation of the Offending/Infringing Website has no relationship to Plaintiffs and falsely imitates the same the business and services provided by Lockfabric System. The Domain was initially registered in the name of Ms. Subocz, along with Ms. Subocz's address and telephone number.

10.     The Domain was cleverly purloined by Mr. Duda from Ms. Subocz solely for the purpose of interfering with Ms. Subocz's legal rights, business relationships, and rightful entitlement to use the Domain. Defendants have been wrongfully coopting various facilities and assets of Plaintiffs to render and receive payments for Mr. Duda's own benefit directly through or indirectly through www.Lockfabric.com to compete with Plaintiffs and/or to deprive Plaintiffs of their ownership and property rights.

<u>JURISDICTION AND VENUE</u>

11.     This Complaint sets forth claims for federal trademark infringement arising under 15 U.S.C. § 1051 *et seq*., as amended (the "Lanham Act,") false designation of origin, and anti-cybersquatting claims and online appropriation claims under, 15 U.S.C. § 1125 *et seq*. (the "Anti-Cybersquatting Consumer Protection Act" or "ACPA"), as well as state law claims for breach of New York's trademark infringement and unfair competition laws.

12.     This Court has jurisdiction over the subject matter of these claims and the parties under 28 U.S.C. § 1331 and 15 U.S.C. § 1121 (federal question jurisdiction over actions arising under the ACPA and Lanham Act) and 28 U.S.C. § 1338(a) and (b) (actions arising under an Act of Congress relating to trademarks and to related unfair competition); and under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

13.     This Court further has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), based on the diversity of citizenship of the Parties. Plaintiff is a legal resident of the

State of New York, and Defendant is a resident of the country of Poland, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

14.    In addition, this Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 with respect to Plaintiffs' state law claims.

15.    Venue is proper under 28 U.S.C. § 1391(b).

## NATURE OF ACTION

16.    Ms. Subocz is the sole member and manager of LockFabric System LLC, as reflected in LockFabric System's Articles of Organization filed on October 29, 2013. As the sole member and manager of LockFabric System, Ms. Subocz is responsible for the federal tax filings under the Taxpayer Identification Number: XX-XXX2577[2]. *See* Exhibit "A."

17.    LockFabric System was created by Ms. Subocz strictly for the manufacturing of PVC and non-PVC extrusions that Ms. Subocz was using for her acoustical systems, to potentially market and sell them in the future. The LockFabric System product was created as a seperate entity from Ms. Subocz's primary corporate entity, ABS EuroDesign Group LLC, d/b/a ABS EuroDesign ("ABS EuroDesign"). Specifically, LockFabric System is an international class for non-metal architectural moldings and extrusions used for fabric base walls, ceilings, baffles and acoustical barriers.  The acoustical wall and ceiling panels are made of 1" or 2" thick 6 PCF molded fiberglass core with edges reinforced using resin hardener.  All components have a fire hazard rating of Class "A" per ASTM E-84.

---

[2] Partially redacted for confidentiality purposes.

**Lock*Fabric*™**

info@lockfabric.com
Tel: 845-351-3208
Fax: 845-351-3288
www.Lock*Fabric*.com

*LockFabric* Acoustical Wall and Ceiling Panels are made of 1" or 2" thick 6 PCF molded fiberglass core with edges reinforced using resin hardener. They are faced with Guilford FR-701 fabric or custom facings as specified. Panels can be made any size up to 4'x10'. Edge profile can be square, mitered, bevel or radius. All components have a fire hazard rating of Class "A" per ASTM E-84. Custom sizes, shapes, and substrates are available.

*LockFabric* Acoustical Banners are made of 2" thick 6 PCF fiberglass core and are faced with Guilford FR-701 fabric.. They are suspended using chain or wire secured to grommets on top edge of banner. All components have a fire hazard rating of Class "A" per ASTM E-84.

EDGE PROFILES:





18.    Previously in 2009, Ms. Subocz founded and created ABS EuroDesign, as a company specializing in the fabrication and installation of acoustic wall panels (also known as acoustic panels). Acoustic panels are sound-absorbing fabric-wrapped boards designed to control echo and reverberation in a room. Acoustic panels are commonly used to resolve speech illegibility issues in commercial soundproofing treatments. Acoustic panels also create greater privacy for individuals in the room by shielding the permeation of sound.

19.    Ms. Subocz is also responsible for testing and certifying the LockFabric System panels. For example, she is the sole party responsible for submitting the specifications to Riverbank Acoustical Laboratories for testing and certification. From 2018-2019, Ms. Subocz obtained several specialized acoustic certifications for her systems. Adding to the strength and reliability of her branding LockFabric System acoustic panels and their installation at customers'

properties. A true and correct copy of the August 15, 2019, Riverbank Acoustic Testing Certification is annexed hereto as Exhibit "B."

20.     In addition to creating the LockFabric System, Ms. Subocz applied for the Lockfabric Mark on October 14, 2013, that was granted and registered on November 18, 2014, "LockFabric" was assigned trademark US Reg. No. 4642416.

21.     Unfortunately, due to an administrative oversight, US Reg. No. 4642416 expired prior to being re-filed.

22.     Plaintiffs re-submitted their application to the United States Patent and Trademark Office for their rightfully owned trademark on February 25, 2024. LockFabric System's current application serial No. 98420055. The application is still currently pending.

23.     At all times relevant since at least October 14, 2013, Ms. Subocz has at all times had first use common law trademark protection for the LockFabric Mark.  At all times relevant, Ms. Subocz has maintained actual and continues use of the LockFabric Mark in commerce through her marketing and sales of the LockFabric System PVC and non-PVC extrusions.

24.     As the rightful owner of the LockFabric Mark and in her capacity as sole member and manager of LockFabric System, Ms. Subocz was the initial registered named individual owner of the Domain www.Lockfabric.com.

25.     As ABS EuroDesign began to grow and prosper, Ms. Subocz began to hire employees, including defendant Andrzej Duda.

### **DEFENDANTS' INFRINGEMENT ON PLAINTIFFS' MARKS**

26.     Andrzej Duda originally came to the United States on a student visa from Poland, but he never enrolled in American school or university but was somehow able to extend his stay. He eventually got married, obtained a work permit, and a social security card. Mr. Duda met Ms.

Subocz and became an employee of Ms. Subocz and ABS EuroDesign on or about 2012/2013. Mr. Duda proved to be a talented estimator for the installation of acoustic panels, and savvy with technology and computers. Both began an amicable and successful relationship.

27.     Initially, Ms. Subocz was hesitant to create a separate entity apart from ABS EuroDesign because it would unnecessarily increase her costs.

28.     In addition to creating the LockFabric System, Ms. Subocz applied for the trademark for "LockFabric" on October 14, 2013, that was granted and registered on November 18, 2014, "LockFabric" was assigned trademark US Reg. No. 4642416.

29.     A few days after Ms. Subocz filed the trademark application for the LockFabric Mark on October 14, 2013, Mr. Duda (as an employee of Plaintiffs) created and registered the Domain without the knowledge or approval of Ms. Subocz on October 18, 2013. He purchased the Domain under the individual name of Ms. Subocz, and registered it with Ms. Subocz's Tuxedo, NY address and telephone number. However, Ms. Subocz never had access to the Domain that was operated solely by Mr. Duda.

30.     Mr. Duda registered the Domain with the Fraudulent Recovery E-mail. A true and correct copy of the screenshot of the eNom/Tuscows Lockfabric.com Domain dashboard registration information is annexed hereto as Exhibit "C."

31.     LockFabric System's Articles of Organization were filed on October 29, 2013, by Ms. Subocz, as the sole member and manager of LockFabric System. *See* Exhibit "A."

32.     After receiving notification of the Domain registration via mail a few weeks later, Ms. Subocz immediately confronted Mr. Duda as to why the unauthorized Domain was created and noticed oddity of the Fraudulent Recovery E-mail. Mr. Duda responded that the Domain was registered for potential future use on behalf of Plaintiffs and the Fraudulent Recovery E-mail was

associated for the benefit of Plaintiffs. Believing the representations of Mr. Duda, Ms. Subocz took no further action regarding the Domain.

33.    Upon information and belief, the Domain was originally registered through GoDaddy.com but the domain was later transferred to eNom/Tuscows for hosting.

34.    Upon information and belief, Mr. Duda, created an online company named WebTico with the URL www.WebTico.com. Upon further information and belief, Mr. Duda created WebTico and the Fraudulent Recovery E-mail for the sole purpose of blackmailing and being able to sabotage Plaintiffs if a dispute arose. Through the Fraudulent Recovery E-mail, Defendants have been able to control the Domain and then create and operate the false and misleading Offending/Infringing Site against the efforts of Plaintiffs to regain rightful control of the Domain.

35.    Upon information and belief, Mr. Duda made payments for the Domain and use of the Offending/Infringing Site through his company WebTico, which further enabled Mr. Duda to control the domain in case of an ownership dispute.

36.    In 2017, Mr. Duda returned to Poland, but he was still able to provide his services to Ms. Subocz and ABS EuroDesign while working remotely. Ms. Subocz continued to pay Mr. Duda handsomely, at approximately $160,000 per year (an amount worth much more in Poland than the higher cost of living of the New York metropolitan area).

37.    Mr. Duda ceased working for Plaintiffs in fall of 2022 after a dispute arose when Mr. Duda requested compensation far in excess of reason. Mr. Duda also began to make mistakes with his estimates and bids, and either negligently or intentionally. In particular, Mr. Duda lost a bid worth approximately $400,000.00 for a job that should have been easily secured because of Plaintiffs' strong reputation.

38.     Not content to compete permissibly and fairly, Mr. Duda also created a separate e-mail with a LockFabric name, where he immediately began to solicit business and customers from Plaintiffs. Defendants have infringed on Ms. Subocz's common law marks through a series of serious, consequential, and deliberate and wrongful acts, including sabotaging access and bids through the virtual platform BuildingConnected used by Plaintiffs to obtain business.

39.     In complete control of the Domain, Mr. Duda then created the Offending/Infringing Site with a modified logo bearing the Lockfabric name.

40.     The domain purports to offer identical services to LockFabric system which includes: (i) fabric and acoustic panels; (ii) woodwork estimates, and (iii) drafting services. The contact telephone number is listed as (718) 496-7648 with a contact e-mail of office@lockfabric.com. The Offending/Infringing Site further represents that the business is based out of the state of New Jersey. However, the contact information page on the domain for "Professional Estimating Services" lists the address of 123 Street, Suite 600, San Francisco, CA 94107. A true and correct copy of a screenshot of the www.LockFabric.com website is annexed hereto as Exhibit "D."







**Fabric/Acoustic Panels**

Take-off, Estimates, Project Coordination, Consulting, Excel Template Designing & Fixing.

**Woodwork Estimates**

Consulting & Take-off/Estimates for Woodwork incl. metal & solid surfaces.

**Drafting Services**

Acoustic and woodwork shop drawings in CAD version with plans , elevations and details.

41.     Upon information and belief, there is no such "Professional Estimating Services" address for LockFabric.com located at 123 Street, Suite 600, San Francisco, CA 94107.

42.     Upon information and belief, 123 Street, Suite 600 is a satellite office space that is currently occupied by either Sommers Consulting Inc.[3] or Central Iron Range Sanitary Service.[4]

43.     At all times relevant, Plaintiffs have never been based out of California nor done business in California.

44.     A search of the California Secretary of State Business website does not return any results for entities named "Lock Fabric" or "LockFabric."

---

[3] Sommers Consulting Inc. (thesommers.net) (Last Accessed: October 7, 2024)
[4] Contact » Central Iron Range Sanitary Service (cirssd.org) (Last Accessed: October 7, 2024)

45.     A search of the New Jersey Department of Treasury, Division of Revenue & Enterprise Services similarly does not return any results for entities named "Lock Fabric" or "Lock Fabric."

46.     Mr. Duda has been falsely impersonating and representing to the general public under the Domain that the current form of the Offending/Infringing Site is Plaintiffs' proper company through promotion of Plaintiffs' marks. Upon further information and belief, Defendants' have unjustly obtained monies using the Offending/Infringing Site through false contact information.

47.     On or about October 22, 2022, Ms. Subocz contacted eNom/Tuscows customer service to recover her access to the Domain and Offending/Infringing to reset the Fraudulent Recovery E-mail to the proper e-mail address of as@eurodesigngroup.us. A true and correct copy of the October 22, 2022, correspondence is annexed hereto as Exhibit "E."

48.     Initially, Ms. Subocz was able to submit proof of ownership of the Domain and Offending/Infringing Site to eNom/Tuscows, along with documents to verify her registration of the Lockfabric name.

49.     In response, eNom/Tuscows transferred the registration and control to Ms. Subocz.

50.     Upon information and belief, a few days after the change (likely after being electronically notified in some form) Mr. Duda contacted eNom/Tuscows claiming he was the rightful owner by virtue of registration through the Fraudulent Recovery E-mail and argued that he is the individual responsible for making payments on the Domain. As a result, eNom/Tuscows transferred the account access back to Mr. Duda.

51.    A basic search for "Lockfabric.com" of any domain ownership database shows that eNom/Tuscows is the registrant. Despite Ms. Subocz's numerous attempts to regain control of the Offending/Infringing Site, eNom has continued to allow Mr. Duda to operate and run the Domain.

52.    Ms. Subocz has sent several correspondences to Defendants requesting their return the Domain and remove the Offending/Infringing Site, and Ms. Subocz also requested return of the Domain via telephone conservations with Mr. Duda around the time of his termination of employment.

53.    On or about March 1, 2024, Plaintiffs through the undersigned counsel sent a letter to Tuscows/eNom requesting that eNom return the Offending/Infringing Site LockFabric.com to Plaintiffs, along with supporting documents demonstrating Ms. Subocz's right to the domain. Tuscows/eNom declined to do so.

54.    Plaintiffs' respectfully request this Court enter an Order declaring Plaintiffs' rightful ownership of the Offending/Infringing Site, forcing Tuscows/eNom to return the Domain to Plaintiffs, monetary damages for Defendants' cybersquatting and trademark infringement, and for any further damages that this Court deems just and proper.

## COUNT I.
### (CYBERSQUATTING IN VIOLATION OF 15 U.S.C. § 1125 ANTICYBERSQUATTING CONSUMER PROTECTION ACT)

55.    Plaintiffs incorporate the preceding allegations as though fully stated herein.

56.    Plaintiffs' LockFabric Mark is distinctive or famous and therefore entitled to protection.

57.    Plaintiffs' have the right to the LockFabric Mark by first-use common law rights and/or federal registration.

58.    Defendants' Domain registration and creation of the Offending/Infringing Site for www.Lockfabric.com, URL, webpage content and site logos, which infringes on Plaintiffs' LockFabric Mark.

59.    Cybersquatting, in general, constitutes the bad faith registration, trafficking, or use of a domain name identical or confusingly similar to a trademark owned by another party.

60.    Defendants unfairly acquired the Domain and created Offending/Infringing Site with the bad faith intention of harming Plaintiffs' business, to infringe on Plaintiffs' marks, trade on the goodwill associated therewith, and to compete unfairly with the business associated with Plaintiffs' LockFabric Mark.

61.    Defendants had a "bad faith intent to profit" from the Domain and Offending/Infringing Site by virtue of Defendants use of the Offending/Infringing site to solicit Plaintiffs' customers.

62.    Such registration violates 15 U.S.C. § 1125(d)(1)(B)(i)(V), which states that bad faith registration is and can be demonstrated where "the person's intent [is] to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site."

63.    The Domain name URL and contained logo for the Offending/Infringing Site is so identical, or confusingly similar, to Plaintiffs' marks as to create a likelihood of confusion as to the source, sponsorship, or affiliation of Defendants.

64.     The Domain name URL and logos for the Offending/Infringing Site is so identical, or confusingly similar, to Plaintiff's marks as to create a likelihood of confusion as to the source, sponsorship, or affiliation of Defendants.

65.     Plaintiffs are entitled to the transfer of the Domain and Offending/Infringing Site to Plaintiffs, as well as preliminary and injunctive relief enjoining Defendants from registering, trafficking or using a domain name that is identical, confusingly similar and dilutive of Plaintiffs' marks.

66.     For the reasons stated above, Plaintiffs have been damaged in an amount to be determined at trial, but in no event less than One Hundred Thousand Dollars ($100,000.00) in statutory damages, plus attorneys' fees, costs, interest and disbursements.

## COUNT II
## (INFRINGMENT OF TRADEMARK IN VIOLATION OF SECTION 32(1) OF THE LANHAM ACT)

67.     Plaintiffs incorporate the preceding allegations as though fully stated herein.

68.     Defendants' use of the term "LockFabric," as well as the other names, logos, images and names are confusingly similar to the Plaintiffs' Mark and infringes on Ms. Subocz's Registered Mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

69.     Unlike Ms. Subocz, who possesses sole license and permission to use LockFabric's Mark, Defendants have used Ms. Subocz's Mark and name in connection with the sale, offering for sale, distribution, or advertising" of their services in interstate commerce a "reproduction, counterfeit, copy or colorable imitation," as those terms are set forth in the Lanham Act, 15 U.S.C. § 1114(1).

70.     Such use "likely to cause confusion, or to cause mistake, or to deceive," as those terms are set forth in the Lanham Act, 15 U.S.C. § 1114(1).

71.     Defendants' conduct constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

72.     Given that Defendants were placed on formal notice that their conduct infringed on Ms. Subocz's Mark, and that, despite the notice, they continued to use the term, their violation was, and continues to be, willful.

73.     Defendants' use of the term "LockFabric," as well as the other names, logos, images and names are confusingly similar to the Registered Marks and infringes on Ms. Subocz's Registered Mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

74.     Unlike Ms. Subocz, who possesses license and permission to use LockFabric's Marks, Defendants have used Ms. Subocz's Marks "in connection with the sale, offering for sale, distribution, or advertising" of their services in interstate commerce a "reproduction, counterfeit, copy or colorable imitation," as those terms are set forth in the Lanham Act, 15 U.S.C. § 1114(1).

75.     Such use "likely to cause confusion, or to cause mistake, or to deceive," as those terms are set forth in the Lanham Act, 15 U.S.C. § 1114(1).

76.     Defendants' willful wrongdoing does not simply dissipate and evaporate once set in the minds of customers and prospective customers and the public.

77.     Ms. Subocz has been irreparably harmed as a result of Defendants' wrongful conduct as set forth above.

78.     For the reasons stated above, Plaintiffs have been damaged in an amount to be determined at trial, but in no event less than One Hundred Thousand Dollars ($100,000.00) in damages, plus attorneys' fees, costs, interest and disbursements.

**COUNT III.**
**(INFRINGMENT OF TRADEMARK IN VIOLATION OF SECTION 43(A) OF THE**
**LANHAM ACT)**

79.     Plaintiffs incorporate the preceding allegations as though fully stated herein.

80.     Defendants' conduct as alleged herein infringes Ms. Subocz's Mark, in violation of

Section 43(a) of the Lanham Act, 15 U.S.C. 15 U.S.C. § 1125(a)(1).

81.     Through long use and promotion of the Marks, Ms. Subocz has, at the minimum,

obtained the exclusive first use common law right based on actual and continuous use of the Mark

in commerce in connection with her services.

82.     Defendants have, "in connection with [their] goods … use[d] in commerce", used

Mark or marks so similar thereto that they are "likely to cause confusion, or to cause mistake, or

to deceive as to the application, connection or association of [Plaintiffs] with [Defendants]," 15

U.S.C. § 1125(a)(1).

83.     Defendants' wrongful use is exacerbated by unlicensed, non-consensual use of Ms.

Subocz's name, image, and likeness proximate to the infringing marks on the Offending/Infringing

Site.

84.     Defendants' conduct as set forth above constitutes a violation of Section 43(a) of

the Lanham Act.

85.     Given that Defendants were placed on formal notice that their conduct infringed

upon Ms. Subocz's Mark, and that Defendants continued to use confusingly similar marks despite

that notice, Defendants' violation was, and continues to be, willful.

86.     Plaintiffs have been, and continue to be, irreparably harmed as a result of

Defendants' conduct set forth above.

87.     For the reasons stated above, Plaintiffs have been damaged in an amount to be determined at trial, but in no event less than One Hundred Thousand Dollars ($100,000.00) in damages, plus attorneys' fees, costs, interest and disbursements.

## COUNT IV.
### (FALSE DESIGNATION OF ORIGIN IN VIOLATION OF SECTION 43(A) OF THE LANHAM ACT)

88.     Plaintiffs incorporate the preceding allegations as though fully stated herein.

89.     Defendants' conduct as described above falsely designates the origin of its products in violation of Section 43(a) of Lanham Act, 15 U.S.C. § 1125(a).

90.     Through actual and continuous use and promotion of the LockFabric Mark, Ms. Subocz has obtained the exclusive common law right to use each LockFabric Mark in commerce in connective with LockFabric's services.

91.     Defendants have, "in connection with [their] goods … use[d] in commerce", used the Mark or marks so similar thereto that they are "likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of" Defendants' services, but has in fact already caused such confusion, mistake or deception. 15 U.S.C. § 1114(a)(1).

92.     Defendants' wrongful use is exacerbated by the unlicensed, non-consensual use of LockFabric's name, image and likeness proximate to the infringing marks, false services on the Domain and Offending/Infringing Website.

93.     Defendants' conduct as set forth above constitutes a violation of Section 43(a) of the Lanham Act.

94.     Given that Defendants were placed on formal notice that their use of "LockFabric.com" in both word form and as logos, infringed upon Ms. Subocz's Mark, and that

Defendants continued to use those terms and logos despite that notice, Defendants' violation was, and continues to be, willful.

95.    Plaintiffs have been, and continue to be, irreparably harmed as a result of Defendants' conduct set forth above.

96.    For the reasons stated above, Plaintiffs have been damaged in an amount to be determined at trial, but in no event less than One Hundred Thousand Dollars ($100,000.00) in damages, plus attorneys' fees, costs, interest and disbursements.

## COUNT V.
## (VIOLATION OF NEW YORK CIVIL RIGHTS LAW, SECTION 50 AND 51)

97.    Plaintiffs incorporate the preceding allegations as though fully stated herein.

98.    Sections 50 and 51 of the New York Civil Rights Law protect against nonconsensual commercial appropriations of the name, portrait, or picture of a living person.

99.    Section 50 of the New York Civil Rights Law makes it a misdemeanor to use "for advertising purposes, or for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such person…" New York Civ. Rights Law § 50.

100.    Section 51 of the New York Civil Rights Law creates a private right cause of action for the invasion of the "right of privacy" granted by Section 50.

101.    To maintain a civil action under Section 51 of the New York Civil Rights Law, a plaintiff must show that the defendant (1) used his name, portrait, picture or voice (2) for advertising or trade purposes, (3) without his written consent.

102.    As set forth above, Ms. Subocz has shown that Defendants have (1) used her name, portrait, and/or voice by virtue of the Domain and Offending/Infringing Website,

www.LockFabric.com (2) for advertising or trade purposes on the worldwide internet, (3) without her written consent.

103.     For the reasons stated above, Plaintiffs have been damaged in an amount to be determined at trial, but in no event less than One Hundred Thousand Dollars ($100,000.00) in damages, plus attorneys' fees, costs, interest and disbursements.

**COUNT VI.**
**(COMMON LAW TRADEMARK INFRINGEMENT)**

104.     Plaintiffs incorporate the preceding allegations as though fully stated herein.

105.     Ms. Subocz has exclusive ownership of the LockFabric Mark and pending LockFabric Mark.

106.     Defendants' subsequent use of confusingly similar marks, the Offending/Infringing Site, and URLs is likely to create confusion as to the origin of the services at issue.

107.     Defendants' activities constitute an infringement of Ms. Subocz's common law trademark rights as well as unfair competition under New York common law.

108.     Ms. Subocz has at all times had first use common law trademark protection for the LockFabric Mark.  At all times relevant, Ms. Subocz has maintained actual and continues use of the LockFabric Mark in commerce through her marketing and sales of the LockFabric System PVC and non-PVC extrusions.

109.     Defendants' activities have caused, and, unless enjoined, will continue to cause, irreparable harm to Ms. Subocz and the other Plaintiffs.

110.     Ms. Subocz has no adequate remedy at law.

111.     For the reasons stated above, Plaintiffs have been damaged in an amount to be determined at trial, but in no event less than One Hundred Thousand Dollars ($100,000.00) in statutory damages, plus attorneys' fees, costs, interest and disbursements.

**COUNT VII.**
**(COMMON LAW UNFAIR COMPETITION – PALMING OFF)**

112.    Plaintiffs incorporate the preceding allegations as though fully stated herein.

113.    "Palming off" involves efforts by a second comer to deceive consumers into believing that its goods and services were the same as, sponsored by or connected to the goods or services of a senior user.

114.    Plaintiffs here are the senior users and have maintained actual and continuous control over the Mark.

115.    Plaintiffs have a valuable and protectable propriety right in Ms. Subocz's and LockFabric's name, image, likeness and voice, and the goodwill Ms. Subocz and Plaintiffs' have developed, including but not limited to that goodwill associated with the Mark.

116.    There is a likelihood that Defendants' wrongful conduct controlling the Domain will cause confusion among the public as to whether or not Defendants' services are the same as, sponsored by or connected to the services of Plaintiffs.

117.    Such confusion damages Plaintiffs.

118.    For the reasons stated above, Plaintiffs have been damaged in an amount to be determined at trial, but in no event less than One Hundred Thousand Dollars ($100,000.00) in statutory damages, plus attorneys' fees, costs, interest and disbursements.

**COUNT VIII.**
**(BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)**

119.    Plaintiffs incorporate the preceding allegations as though fully stated herein.

120.    Plaintiff was subject to duties of good faith and fair dealing when he was initially hired by Plaintiffs. Mr. Duda understood his obligations to Ms. Subocz included the obligation to work in good faith with Plaintiffs towards the success of ABS EuroDesign and Lockfabric System.

121.    The employment arrangement was subject to an implied covenant of good faith and fair dealing, imposing a duty on Mr. Duda to do everything his employment duties presuppose.

122.    Mr. Duda's bad faith is demonstrated by the fact that the Domain and the Offending/Infringing Site Lockfabric.com, owned and operated by Mr. Duda through his shell entity WebTico, has been soliciting prospective customers of Plaintiffs to seek his alleged competing services, and misusing LockFabric System's confidential and propriety information and trade secrets and intellectual property.

123.    By virtue of the foregoing, Mr. Duda is liable to Plaintiffs for substantial monetary damages, in an amount to be determined at trial, plus costs and interest.

124.    In addition, because the harm caused by Defendants breach of the implied covenant of good faith and fair dealing cannot be fully remedied through an award of monetary damages along, Plaintiffs are also entitled to preliminary and permanent injunctive relief preventing Defendants' breach from continuing.

## COUNT IX.
## (MISAPPROPRIATION OF CONFIDENTIAL INFORMATION)

125.    Plaintiffs incorporate the preceding allegations as though fully stated herein.

126.    Plaintiffs possess certain confidential and proprietary information and trade secrets and intellectual property, with which Defendants are familiar, and which Defendants have had a common law duty to not disclose outside of Mr. Duda's previous work for Lockfabric System.

127.    Plaintiffs have expended substantial resources in developing and safeguarding their confidential and proprietary information and trade secrets and intellectual property for their benefit, and the information provides Plaintiffs with an advantage over their competitors. The confidential and proprietary information and trade secrets and intellectual property derives

independent economic value from the fact that it is neither generally known nor readily ascertainable by proper means to Plaintiffs' competitors.

128.    Defendants gained knowledge of Plaintiff's confidential and proprietary information and trade secrets and intellectual property by virtue of their trusted association with Plaintiffs.

129.    Defendants have purposefully arrogated to their use, and continue to use, Plaintiffs lawfully protected confidential and protected information and trade secrets and intellectual property for their own benefit to compete with Plaintiffs, or to harm Plaintiffs, in violation of their obligations to Plaintiffs.

130.    Having constructed an online platform with the Domain unlawfully taken from Plaintiffs, Defendants are using those purloined resources as a launching pad for their tainted competitive business ventures, notably, the Offending/Infringing Website.

131.    In furtherance of their wrongful taking from Plaintiffs and competition with Plaintiffs, Defendants deceptively promote to Plaintiffs' customers and prospective customers the false proposition that Defendants' wrongfully competing business have the endorsement and sponsorship of Ms. Subocz and Lockfabric System.

132.    As an unavoidable result of Defendants' present and/or impending misappropriation of Plaintiff's confidential and proprietary information and trade secrets and intellectual property, Plaintiffs will be irreparably harmed.

133.    By virtue of the foregoing, Defendants are liable to Plaintiffs for substantial monetary damages, in an amount to be determined at trial, plus costs and interest.

134.    In addition, because the harm caused by Defendants' misappropriation cannot be fully remedies through an award of monetary damages alone, Plaintiffs are also entitled to

preliminary and permanent injunctive relief preventing Defendants from misappropriation, use or disclosure of Plaintiffs' confidential and proprietary information and trade secrets and intellectual property.

135.    For the reasons stated above, Plaintiffs have been damaged in an amount to be determined at trial, but in no event less than One Hundred Thousand Dollars ($100,000.00) in damages, plus attorneys' fees, costs, interest and disbursements.

## COUNT X.
## (TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC OPPORTUNITY)

136.    Plaintiffs incorporate the preceding paragraphs as if fully set forth at length herein.

137.    Compounding the detriment caused by their misappropriations and misrepresentations, upon information and belief, Defendants wrongfully launched a targeted campaign of misleading and false communications to Plaintiffs' customers and prospective customers via Lockfabric.com and created a similar e-mail with the Lockfabric name.

138.    Compounding the detriment caused by their misappropriations and misrepresentations, Defendants wrongfully launched a targeted campaign of misleading and false communications to Plaintiffs' customers and prospective customers.

139.    Plaintiffs had a reasonable expectation of continued business from and with these customers and prospective customers.

140.    Each current and future customer of Defendants by virtue of the Domain and Offending/Infringing Website is a loss of potential business and economic opportunity for Plaintiffs.

141.    Defendants' interference with Plaintiffs' prospective economic opportunities was committed willfully, knowingly, maliciously, and in conscious disregard of Defendants' legal obligations to Plaintiffs.

142.    Defendants' conduct has caused Plaintiffs injury to their property and business.

143.    In addition, because the harm caused by Defendants' tortious conduct cannot be fully remedies through an award of monetary damages alone, Plaintiffs are also entitled to preliminary and permanent injunctive relief preventing Defendants from continuing to interfere tortious with Plaintiff's prospective economic opportunity.

144.    For the reasons stated above, Plaintiffs have been damaged in an amount to be determined at trial, but in no event less than One Hundred Thousand Dollars ($100,000.00) in damages, plus attorneys' fees, costs, interest and disbursements.

## COUNT XI.
## (<u>UNFAIR COMPETITION</u>)

145.    Plaintiffs incorporate the preceding paragraphs as if fully set forth at length herein.

146.    Rather than investing the time, effort and capital necessary to build a separate business, Defendants are acting to build a competing business by replicating Plaintiffs' business via the Offending/Infringing Site and Domain through the misappropriation, use and disclosure of Plaintiffs' confidential and proprietary information and trade secrets and intellectual property.

147.    By virtue of the foregoing, Defendants have engaged in unfair competition and continue to compete unfairly with Plaintiffs, seeking to reap what they have not sown.

148.    The acts of unfair competition include Defendants' misuse of Plaintiff's confidential and proprietary information, Domain, trade secrets, and intellectual property, to the material detriment of Plaintiffs, and for the wrongful benefit of Defendants.

149.    Defendants' unfair competition has caused, and will continue to cause, Plaintiffs to suffer substantial monetary damages, in an amount to be determined at trial.

150.    In addition, because the harm caused by Defendants' unfair competition cannot be fully remedied through an award of monetary damages alone, Plaintiffs are also entitled to preliminary and permanent injunctive relief preventing Defendants from unfair competition and further use or disclosure of Plaintiff's confidential and proprietary information and trade secrets and intellectual property.

151.    For the reasons stated above, Plaintiffs have been damaged in an amount to be determined at trial, but in no event less than One Hundred Thousand Dollars ($100,000.00) in damages, plus attorneys' fees, costs, interest and disbursements.

## COUNT XII.
## (DECLARATORY JUDGMENT)

152.    Plaintiffs incorporate the preceding paragraphs as if fully set forth at length herein.

153.    Plaintiffs have been damaged by Defendants conduct in that Ms. Subocz has had to expend copious resources through legal counsel to protect her interests and reputation against the Domain and Offending/Infringing Website and defend herself and her intellectual. Plaintiff will require future need of monies and resources to return the assets, and to repair the harm caused by Defendants for their violations of Plaintiffs' marks and right to own and operate the Domain and Infringing/Offending Website.

154.    Plaintiff has suffered damages in attorneys' fees caused by Defendants' violations of Plaintiff's rights under The Anti-Cybersquatting Act, the Lanham Act, and Defendants' various violations of Plaintiffs' rightful use of the Marks.

155.    There is an actual controversy between Plaintiff, on one hand, and Defendant on the other, as to Defendants' cybersquatting in violation of the ACPA operating of the

Infringing/Offending Site, wherein Plaintiffs have superior right of use for the Mark and proper use of Lockfabric.com.

156.     For the reasons stated above Plaintiffs respectfully requests that this Court enter a Declaratory Judgment in their favor against Defendants declaring Plaintiffs' rightful use to the Offending/Infringing Site www.LockFabric.com, instructing eNom/Tuscows (or the proper domain host) to permanently transfer the ownership and registration of the Infringing/Offending Site and Domain to Plaintiffs, plus attorneys' fees and costs, and other relief this Court deems just and proper.

### COUNT XIII.
### (CONSTRUCTIVE TRUST & ACCOUNTING)

157.     Plaintiffs incorporate the preceding paragraphs as if fully set forth at length herein.

158.     As consequence thereof and in reliance on his promise and obligation to fulfill such obligations, Mr. Duda was entrusted with confidential and proprietary information and trade secrets and intellectual property, patient lists and records, funds, tangible and intangible assets, and personal property, interests of LockFabric System the Domain, including customer lists and information, and access therefore.

159.     Rather than use the tangible and intangible assets entrusted to him consistent with his obligations to, and for the benefit of LockFabric System, Mr. Duda has used the same for the benefit of diverting and obtaining LockFabric System's clients and prospective clients through his takeover and revision of the Domain infringing on Ms. Subocz's rights and property, through the operation of the eNom/Tuscows recovery e-mail and account for www.WebTico.com.

160.     Through such actions, Defendants have unjustly enriched themselves at the expense of Plaintiffs and breach fiduciary and other duties and obligations to Plaintiffs.

161.    Because Defendants ill-gotten gains and unjust enrichment have come through the use of assets and properties entrusted to them for other purposes, any gains, revenue, income, profit or the like derived therefrom is, and should be, for the benefit of Plaintiffs, and Defendants would be deemed to hold same as constructive trustees and be ordered to account for same to Plaintiffs and to disgorge same from Defendants to Plaintiffs.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant:

(i)     Preliminary and permanent injunctive relief in the form of an Order instructing that eNom/Tuscows or the domain hosting company to return the Domain and Infringing/Offending Site under URL www.Lockfabric.com back to Plaintiffs, and that the Order bind Defendants, their agents, representatives, designees, employees, servants, attorneys, and/or others over whom they have direction and/or control, and which will be binding upon any and all persons or entities acting in association, concert, or participation with the foregoing persons or entities who receive actual notice of this Court's Order through personal service or otherwise;

(ii)    Statutory Damages in the amount of no less than One Hundred Thousand Dollars ($100,000.00) for Defendants' violation of the ACPA, 15 U.S.C. § 1125(d), as well as monetary damages for Defendants' violations Lanham Act, New York civil rights law, and common law, in an amount to be determined at trial, together with pre-judgment interest thereon and costs and fees;

(iii)   An accounting of all revenue, profits or any other financial gain attributable to Defendants' unlawful acts as alleged herein;

(iv)     A constructive trust on all revenue generated by Defendants, including through their use of the Domain and www.WebTico.com, and otherwise from any business undertaken unlawfully as set forth above; and

(v)      All other equitable and legal remedies, specifically:

a.   That, upon application, and after notice and a hearing, this Court issue a preliminary injunction – and, following a trial on the merits, enter a permanent injunction – enjoining Defendants, and all those acting in association, concert, or participation with them, at their direction, on their behalf, or under their control, from further use of the term "LockFabric" any other name that includes the term "LockFabric" or "Lock Fabric" or any confusingly similar terms, and returning the Domain and Offending/Infringing Website to Plaintiffs;

b.   That, upon application, and after notice and hearing, this Court issue a preliminary injunction – and, following a trial on the merits, enter a permanent injunction – enjoining Defendants from directly or indirectly or through corporate entities or associates soliciting any customer of Plaintiffs, and ordering Defendants to return to Ms. Subocz any misappropriated property and all information and materials derived therefrom;

c.   That this Court enter judgment in favor of Plaintiffs and against Defendants, awarding damages in an amount to be determined at trial, together with interest thereon, and, in connection therewith, where appropriate, treble such damages, and award attorneys' fees and costs to Plaintiffs as contemplated by 15 U.S.C. §§ 1116 and 1117;

d.   Enter such other and further relief as the Court deems appropriate and just.

Dated: New York, New York
November 14, 2024

Respectfully submitted,

**PITCOFF LAW GROUP, P.C.**

/s/  *Sean M. Holas*
Sean M. Holas, Esq.
Ross E. Pitcoff, Esq
*Attorneys for Plaintiffs Arletta Subocz and*
*LockFabric System LLC*
250 Park Avenue, 7th Floor
New York, NY  10177
Tel: (646) 386-0990

## **VERIFICATION**

STATE OF NEW YORK        )
                         ) ss::
COUNTY OF *Rockland*     )

    Arletta Subocz, being duly sown deposes and says:

    I am the Plaintiff in the above-referenced matter, and I am fully familiar with all the facts and circumstances hereinafter set forth. I have read the foregoing Verified Complaint and know the contents thereof. The same is true based upon my personal knowledge of the facts.  As to matters alleged upon information and belief, I verily believe them to be true.

_____
Arletta Subocz

Sworn before me this

_4th_ day of ~~October~~ *November*, 2024

_____
Notary Public

MARY SHELIA JACOBSEN
Notary Public - State of New York
NO. 01JA6346689
Qualified in Rockland County
My Commission Expires Aug 22, 2024

Expires
08/22/28