**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

ARLETTA SUBOCZ and LOCKFABRIC SYSTEM LLC,

Plaintiffs,

-against-

ANDRZEJ DUDA, individually and doing business as www.LOCKFABRIC.COM,

Defendants.

---------------------------------------------------------------------x

Case No. 7:24-cv-08670-CS

**STIPULATED PROTECTIVE ORDER**

## I. PURPOSES AND LIMITATIONS

Discovery in this Action is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this litigation is warranted, and good cause therefore exists for entry of this Order under Federal Rule of Civil Procedure 26(c). The Parties acknowledge that this Order does not confer blanket protection on all disclosures or discovery responses; that the protection it affords extends only to information entitled to confidential treatment under applicable legal principles; and that, as set forth in Section XII below, this Order does not entitle any Party to file confidential information under seal.

## II. DEFINITIONS

2.1. "CONFIDENTIAL" Information: information (regardless of how it is generated, stored, or maintained) that qualifies for protection under Federal Rule of Civil Procedure 26(c), including non-public personal, financial, or business information of a Party or Non-Party.

2.2. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") Information: CONFIDENTIAL information whose disclosure to another Party would create a substantial risk of competitive or business injury, including non-public pricing, bids, estimates, margins, customer lists, and commercial terms of a Party or Non-Party.

2.3. Disclosure or Discovery Material: all items or information, regardless of medium, produced or generated in disclosures or responses to discovery in this Action, including documents, ESI, testimony, and transcripts. "Protected Material" means Disclosure or Discovery Material designated CONFIDENTIAL or AEO.

2.4. Party; Producing Party; Receiving Party; Designating Party; Non-Party: "Party" means any party to this Action. "Producing Party" means a Party or Non-Party that produces Disclosure or Discovery Material; "Receiving Party" means a Party that receives it; "Designating Party" means a Party or Non-Party that designates material under this Order; "Non-Party" means any person or entity not named as a party to this Action.

2.5. Expert: a person with specialized knowledge retained by a Party or its counsel to serve as an expert witness or consultant in this Action.

**III. SCOPE**

The protections conferred by this Order cover Protected Material and any information copied or extracted from it, all copies, excerpts, summaries, or compilations of it, and any testimony or presentations that might reveal it. They do not cover information that (a) is or becomes part of the public domain other than through a violation of this Order, or (b) was lawfully known to or obtained by the Receiving Party without obligation of confidentiality to the Designating Party. Use of Protected Material at trial shall be governed by a separate order.

## IV. DURATION

The confidentiality obligations imposed by this Order survive the final disposition of this Action and remain in effect until the Designating Party agrees otherwise in writing or the Court orders otherwise.

## V. DESIGNATING PROTECTED MATERIAL

5.1. Care in designating. Designations must be limited to material that qualifies under the applicable standards; mass, indiscriminate, or routinized designations are prohibited. A Designating Party that learns material was mistakenly designated must promptly withdraw the designation.

5.2. Manner of designation. (a) Documents and ESI: by affixing the legend “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY” to each page containing Protected Material or, for files produced in native format, to the accompanying slip-sheet or in the production transmittal by Bates number. (b) Testimony: by statement on the record or by written notice served within fourteen (14) days after receipt of the transcript, during which period the entire transcript shall be treated as CONFIDENTIAL.

5.3. Inadvertent failure to designate. An inadvertent failure to designate, if timely corrected, does not waive protection; upon notice of the corrected designation, the Receiving Party shall treat the material accordingly.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

A Party may challenge a designation at any time by written notice identifying the challenged material and the basis for the challenge, and the Parties shall meet and confer in good

faith within seven (7) days of the notice. If the challenge is not resolved, the Designating Party shall bring the dispute to the Court within the time and in the manner provided by Paragraph 7 of the Civil Case Discovery Plan and Scheduling Order (ECF No. 28) and the Court's Individual Practices. The Designating Party bears the burden of establishing that the designation is proper. The challenged material shall retain its designation pending resolution. Frivolous challenges, and designations shown to be clearly unjustified, may expose the responsible Party to sanctions.

**VII. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1. Use. Protected Material may be used solely for prosecuting, defending, or attempting to settle this Action, and must be stored securely so that access is limited to persons authorized under this Order.

7.2. CONFIDENTIAL material may be disclosed only to: (a) counsel of record for a Party in this Action, attorneys affiliated with their firms, and their support staff; (b) the Parties, and officers, members, or employees of a Party to whom disclosure is reasonably necessary for this Action; (c) Experts to whom disclosure is reasonably necessary and who have signed Exhibit A; (d) the Court, its personnel, and court reporters; (e) during their depositions, witnesses to whom disclosure is reasonably necessary; (f) the author or prior lawful recipient of the material; and (g) any mediator engaged by the Parties.

7.3. AEO material may be disclosed only to the persons identified in Sections 7.2(a), (c), (d), (f), and (g). For the avoidance of doubt, AEO material shall not be disclosed to any Party or to any officer, member, or employee of any Party.

**VIII. PROTECTED MATERIAL SUBPOENAED IN OTHER LITIGATION**

A Party served with a subpoena or court order issued in another proceeding that compels disclosure of Protected Material must promptly notify the Designating Party in writing (enclosing the subpoena or order), notify the issuing party in writing that the material is subject to this Order (enclosing a copy), and cooperate with reasonable procedures pursued by the Designating Party, which bears the burden and expense of seeking protection from the issuing court. Nothing herein authorizes disobedience of a lawful directive of another court.

## IX. NON-PARTY PROTECTED MATERIAL

The terms of this Order apply to Protected Material produced by a Non-Party, and a Non-Party may avail itself of, and enforce, the protections of this Order. If a Party is required by a valid discovery request to produce a Non-Party's confidential information that is subject to a confidentiality obligation owed to that Non-Party, the Party shall promptly notify the Non-Party in writing, enclosing this Order and a description of the information requested; if the Non-Party does not object or seek relief from this Court within fourteen (14) days of the notice, the Party may produce the information, designated as appropriate under this Order.

## X. UNAUTHORIZED DISCLOSURE

A Receiving Party that learns it has disclosed Protected Material to an unauthorized person must immediately notify the Designating Party in writing, use best efforts to retrieve all unauthorized copies, inform the recipient of the terms of this Order, and request that the recipient execute Exhibit A.

## XI. PRIVILEGED MATERIAL; CLAWBACK (FED. R. EVID. 502(d))

Pursuant to Federal Rule of Evidence 502(d), the production of any document or information in this Action, whether inadvertent or otherwise, shall not constitute a waiver of the attorney-client privilege, the work-product protection, or any other applicable privilege or protection, in this Action or in any other federal or state proceeding, this provision affording the maximum protection allowed by Rule 502(d). Upon notice of a claim of privilege or protection, or upon a Receiving Party's own identification of apparently privileged material, the Receiving Party shall comply with Federal Rule of Civil Procedure 26(b)(5)(B): it shall promptly return, sequester, or destroy the material and all copies, shall not use or disclose it, and may promptly present the material to the Court under seal for a determination of the claim. The Producing Party shall serve a privilege log entry for clawed-back material within fourteen (14) days of its notice. Nothing herein requires any party to conduct a pre-production privilege review or limits its right to do so.

## XII. MISCELLANEOUS

12.1. Further relief; other objections. Nothing in this Order abridges the right of any person to seek its modification by the Court, and no Party waives any objection to the discoverability, admissibility, or use in evidence of any material.

12.2. Filing Protected Material. No Party may file Protected Material publicly without the Designating Party's written permission or a court order. A Party seeking to file Protected Material under seal must comply with Federal Rule of Civil Procedure 5.2, the S.D.N.Y. ECF sealing procedures, and the Individual Practices of the assigned District Judge and Magistrate Judge, and the Parties acknowledge the presumption of public access to judicial documents. If leave to seal is denied, the material may be filed publicly unless the Court directs otherwise.

## XIII. FINAL DISPOSITION

Within sixty (60) days after final disposition of this Action (including exhaustion of all appeals), each Receiving Party must return to the Producing Party or destroy all Protected Material, including all copies, summaries, and compilations, and so certify in writing upon request; provided that counsel of record may retain an archival copy of court filings, transcripts, exhibits, correspondence, and work product, which remain subject to this Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: July 24, 2026

PITCOFF LAW GROUP, P.C.

By: /s/Sean M. Holas
Sean M. Holas, Esq.
Barry M. Golden, Esq.
230 Park Avenue, 3rd Floor West
New York, NY 10169
*Attorneys for Plaintiffs*

KBiW Kurpiejewski & Associates PLLC

By: /s/Sungkyun Kim
Sungkyun Kim
40 Wall Street, 29th Fl.
New York, NY 10005
*Attorneys for Defendant Andrzej Duda*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: White Plains, New York
~~July 24, 2026~~ 7/27/26

HON. CATHY SEIBEL
United States District Judge

**EXHIBIT A — ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________, of ______________________________, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order entered by the United States District Court for the Southern District of New York in Subocz et al. v. Duda, No. 7:24-cv-08670-CS. I agree to comply with and be bound by all of its terms, and I understand that failure to comply may expose me to sanctions, including punishment in the nature of contempt. I will not disclose any Protected Material to any person or entity except in strict compliance with the Order. I further agree to submit to the jurisdiction of that Court for the purpose of enforcing the Order, even after termination of this Action.

Date: ______________________ Signature: ________________________________
Printed name: ________________________________